NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0423n.06
Filed: May 23, 2005

No. 02-3985

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| WALTER REAMEY, JR., | ) | |
| | ) | **O P I N I O N** |
| *Defendant-Appellant.* | ) | |

BEFORE:    COLE and SUTTON, Circuit Judges; ZATKOFF, District Judge[*]

**R. GUY COLE, JR., Circuit Judge.** Defendant-Appellant, Walter Reamey, appeals his conviction for conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine. Because the district court did not abuse its discretion in permitting the prosecution to read certifications of record custodians to the jury, because the photo spread used to identify Reamey was not unduly suggestive, and because the judge did not abuse his discretion in refusing to delay trial due to the defendant's complaint that he was physically unable to proceed, we **AFFIRM** the judgment of the district court. However, we **VACATE** Reamey's sentence and **REMAND** for re-sentencing pursuant to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005).

---

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

## I. BACKGROUND

On March 14, 2002, a jury convicted Walter Reamey of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine. The indictment and conviction were based on the testimony of several co-conspirators who identified Reamey as the individual with whom the co-conspirators had exchanged money for cocaine in various hotels in Los Angeles.

Four witnesses identified Reamey in a photo array as the man involved in their cocaine transactions. The array contained six black and white photographs, with similar backgrounds, placed in random order by a Kinko's employee. The individuals pictured were all African-American males of similar build, color, complexion and hairstyle.

Before the commencement of trial, Reamey requested a continuance, claiming he was unable to proceed because he was suffering from blackouts, dizzy spells and tuberculosis. The judge engaged in a colloquy with Reamey's attorney wherein the attorney indicated that he had not noticed any "deficiency in [Reamey's] reasoning or ability to communicate." J.A. 129. The judge subsequently denied Reamey's request for a continuance.

During the trial, the prosecution introduced certifications of business records. These documents included telephone and hotel occupancy records. Rather than call each individual custodian to testify, the government requested that the court permit it to read the certifications of the records to the jury. These certifications identified the custodian for each set of records and also indicated the custodian's title and authority. Defense counsel objected to the prosecution's request to read the certifications into the record. The court concluded that the introduction into evidence of the records in this manner would not be prejudicial because each custodian would have testified

to the same information if he or she had been present in court. The court thereupon overruled the defendant's objection.

## II. ANALYSIS

**A. The district court's decision to permit the prosecution to read certifications of business records to the jury was not an abuse of discretion.**

Reamey first argues that the district court erred in permitting the prosecution to read certifications of business records to the jury. We review a district court's admission of evidence for abuse of discretion. *Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 156-57 (6th Cir. 1988). Where the admission constitutes an abuse of discretion, reversal is appropriate only if the error affected the party's substantial rights. *Zamlen v. City of Cleveland*, 906 F.2d 209, 215-16 (6th Cir. 1990).

The Federal Rules of Evidence require the authentication of business records by a custodian in order to qualify for the hearsay exception found in Rule 803(6). Ordinarily, the custodian of the business records must testify in court and certify that the records were "made at or near the time by, or from information transmitted by a person with knowledge, if kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation." Fed. R. Evid. 803(6). The business records introduced in this case were from six hotels and three telephone service providers. Rather than call each individual custodian to testify in court, the prosecution obtained sworn certifications attesting to the aforementioned requirements. The district court permitted the prosecution to read the certifications to the jury, reasoning that the custodians would testify to the same information if called to the stand. Reamey argues that this unnecessarily emphasized the evidence, resulting in prejudice.

- 3 -

This argument has no merit. A review of the record indicates that the prosecutor did not unduly emphasize the authentication of the business records, or the actual records themselves, by reading the affidavits. The same information would have been presented in similar form by the custodians had they been called to testify. Further, even if reading the certifications to the jury did draw extra attention to this evidence, there is no showing that such emphasis caused prejudice.

**B. The photo spread used by four witnesses to identify Reamey was not unduly suggestive.**

Reamey's second argument is that the photo spread used to identify him was unduly suggestive and that the court therefore erred in denying his motion to suppress the identifications based on this array. We review the denial of a motion to suppress identification evidence for clear error. *United States v. Hamilton*, 684 F.2d 380, 383 (6th Cir. 1982).

Due process requires that the court suppress identifications which are impermissibly suggestive and which present an "unacceptable risk of misidentification." *United States v. Crozier*, 259 F.3d 503, 510 (6th Cir. 2001). This Court applies a two-part test to determine whether a pretrial identification is valid. *Id.* First, the Court considers whether the identification was unduly suggestive. *Id.* Second, the Court considers whether the identification was reliable in light of the totality of the circumstance. *Id.*

Reamey argues that the photo spread was unduly suggestive because: (1) he was the only individual in the spread who was grimacing, (2) his clothing was noticeably different from the clothing of the other individuals pictured, and (3) he was much older than the other individuals pictured. Defendant's Br. at 15.

- 4 -

The United States notes that the subjects of the photo array were all African-American males of similar build, color, complexion and hairstyle. In contrast to Reamey's assertions, the government claims there was "no marked difference in age," the expressions were "not markedly dissimilar," and that "there was nothing markedly dissimilar about the clothing worn by the subjects." Government's Br. at 17.

Assuming for purposes of this argument that Reamey's assertions regarding the facial expressions, clothing, and ages of the individuals in the photo spread are accurate, the district court did not err in refusing to suppress the identification evidence. This Court has held that a photo array containing six photographs of black males, with facial hair and closely-cropped haircuts, contained sufficient similarities between the men such that it was not unduly suggestive. *United States v. Porter*, No. 98-5846, 2002 WL 123585, at \*3 (6th Cir. Jan. 28, 2002). Reamey does not dispute the government's claim that the men pictured in the photographs were all African-American males of similar build, color, complexion and hairstyle.

In light of these similarities, the alleged differences in clothing, expression, and age are too minor to render the spread unduly suggestive. During trial, counsel for Reamey argued that Reamey's "jaws are turned upward" whereas the other men's "lips are turned either downward or meld in a straight line." J.A. 47-49. He argued that Reamey was the only individual wearing a "light-colored jacket or shirt." J.A. 50. He also argued that two of the men appeared to be in their "40s or maybe younger" whereas Reamey was "about a 50- or 60-year old man." J.A. 50. When creating a police lineup, the police are not required to "conduct a search for identical twins in age, height, weight or facial features." *Hutsell v. Sayre*, 5 F.3d 996, 1005 (6th Cir. 1993) (quoting

*Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987)). We have held that a photo of a defendant containing mug shot markers was not unduly suggestive where the other pictures did not contain mug shot markers, and also that an array picturing a defendant without mug shot markers was not unduly suggestive even though all other defendants' pictures did have mug shot markers. *See United States v. Tyler*, 714 F.2d 664, 667-68 (6th Cir. 1983); *United States v. Perry*, 991 F.2d 304, 311 (6th Cir. 1993). The minor differences in the pictures here are less suggestive than the absence or presence of mug-shot markers. Therefore, in light of the many similarities between the men pictured, the photo spread was not unduly suggestive.

Moreover, because Reamey does not argue, nor do we conclude, that the spread was unreasonable in light of the totality of the circumstances, we need not reach this prong of the test. Thus, we affirm the district court's denial of Reamey's motion to suppress the identification evidence.

**C. The district court did not abuse its discretion by refusing to grant a continuance based on Reamey's complaint that he was suffering from dizzy spells, blackouts and tuberculosis.**

Third, Reamey argues that the district court erred in refusing to grant a continuance based on his representation that he was physically unable to proceed. Under the Speedy Trial Act, a court may grant a defendant's request for a continuance where "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). A court's decision to grant or deny an ends-of-justice continuance is reviewed for abuse of discretion. *United States v. Howard*, 218 F.3d 556, 563 (6th Cir. 2000).

Before trial, Reamey told the judge that he was sick and could not understand "half of the

things that's going on in this trial." J.A. 129. The judge then engaged in the following colloquy

with Reamey's trial counsel:

> The Court: Have you been able to talk with [Reamey] and to counsel with him?
> Mr. Durden: Yes, I have.
> The Court: Have you noticed any deficiency in reasoning or ability to communicate?
> Mr. Durden: Not that concerns me, Judge.
> The Court: All right. With that in mind, then -- thank you, Mr. Durden. The request
> for continuance and the request for substitution of counsel would be both denied.

J.A. 131.

Reamey argues that "the ends-of-justice would appear to require that the trial judge do more

in response to Defendant's request than just inquire of his attorney." Defendant's Br. at 18. Reamey

offers no support for this proposition. We grant deference to a trial court's exercise of discretion,

especially where that discretion involves a determination of credibility. *Anderson v. Bessemer City*,

470 U.S. 564, 575 (1985). The trial court's decision to credit Reamey's attorney's evaluation of

Reamey's ability to proceed with trial, rather than Reamey's statement that he was ill, was not clear

error. The statements made by Reamey's counsel were sufficient to support the court's decision to

deny Reamey's request for a continuance. We therefore affirm the court's decision to proceed with

the trial.

**D. The Supreme Court's decision in *United States v. Booker* requires remand.**

Reamey submitted a supplemental brief arguing that the Supreme Court's decision in *Blakely*

*v. Washington*, 124 S. Ct. 2531 (2004) requires remand. Since this brief is filed pro se, we construe

it liberally to argue that the Supreme Court's more recent decision in *United States v. Booker*, 125

S. Ct. 738 (2005), requires remand. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (granting liberal

construction to pro se filings). The pre-sentence investigation report, adopted by the district court, calculated Reamey's offense level at 36 based, in part, on a determination that Reamey was involved in the possession and distribution of at least 150 kilograms of cocaine, a fact neither shown to nor found by the jury. Since this judicial fact-finding violates the Sixth Amendment, we vacate Reamey's sentence and remand for re-sentencing consistent with the Supreme Court's decision in *Booker,* 125 S. Ct. at 755-56; *United States v. Oliver*, 397 F.3d 369, 378-381 (6th Cir. 2005). On remand, we encourage the district court to explain its reasons for applying particular guidelines and sentencing within the recommended guideline range or for choosing to sentence outside that range. Such a statement will facilitate appellate review as to whether the sentence was "reasonable." *Booker*, 125 S. Ct. at 766 (Breyer, J., for the Court).

## III. CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court, but **VACATE** Reamey's sentence and **REMAND** for re-sentencing consistent with the Supreme Court's decision in *Booker*.